| AOC-105 | Doc. Code: CI | | Case No. | 07-CI-00106 |
| Rev 1-07 | 03/30/2007 01:18 pm | | Court | ☑ Circuit ☐ District |
| Page 1 of 1 | Ver. 1.02 | | | |
| Commonwealth of Kentucky | | | County | Mason |
| Court of Justice www.courts.ky.gov | | **CIVIL SUMMONS** | | |
| CR 4.02; CR Official Form 1 | | | | |

**PLAINTIFF**

April and David Love

**VS.**

**DEFENDANT**

Meadowview Regional Medical Center, LLC,

Donald Wilson, MD, P. McKaye, A. Shirey

Jeff Lawson,and Lewis County Primary

Care Center

**Service of Process Agent for Defendant:**

Lewis County Primary Care Center

Jerome G Ugrin

P.O. Box 550

Vanceburg, KY 41179

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you** for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _March 30_, _2007_

By: _Kirk Tolle_ Clerk

_Mary Berry_ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this _____ day of _____, 2_____.

Served by: _____

_____ Title

---

**GOVERNMENT EXHIBIT**

A

07-CI-106

COMMONWEALTH OF KENTUCKY
19th JUDICIAL DISTRICT
MASON CIRCUIT COURT
CIVIL ACTION NO. __07-CI-00106__
DIVISION_____

APRIL LOVE and
DAVID LOVE,

                                                        **PLAINTIFFS**

v.

MEADOWVIEW REGIONAL MEDICAL CENTER, LLC,
DONALD WILSON, M.D., P. McKAYE, R.N., A. SHIREY ONT, JEFF LAWSON,
CSA, and LEWIS COUNTY PRIMARY CARE CENTER
DEFENDANTS.

## COMPLAINT

The Plaintiffs, April Love and David Love, for their complaint against the

Defendants, Meadowview Regional Medical Center, LLC Donald Wilson, M.D., P.

McKaye, RN, A. Shirey, and Jeff Lawson, CSA, and Lewis County Primary Care Center,

and each of them state as follows:

### COUNT I

1. On the occasion referred to herein the Defendant, Meadowview Regional

    Medical Center, LLC was and is a duly licensed Kentucky Hospital

    Incorporated in the State of Delaware and having as it's agent for service of

    process, CT Corporate System, Kentucky Home Life Building, Louisville KY

    40202.

2. On all occasions referred to herein the Defendant, Donald Wilson, M.D., was

    a duly licensed Kentucky Physician employed by the defendant Lewis County

    Primary Care Center whose agent for service of process is Jerome G. Ugrin,

    Rt. 3 Box 317, P.O. box 550, Vanceburg, KY 41179, and was practicing

1

FILED
KIRK TOLLE

MAR 3 0 2007

MASON CIRCUIT COURT CLERK
BY Kathi Tulward D.C.

medicine at the Meadowview Regional Medical Center, LLC and acting as the actual, apparent or ostensible agent of the Defendant, Meadowview Regional Medical Center, LLC thereby imputing any and all liability to the Defendant, Meadowview Regional Medical Center, LLC;

3. On all occasions referred to herein the Defendant, P. McKaye was a duly licensed Kentucky Nurse employed by the Defendant, Meadowview Regional Medical Center, LLC, acting within the course and scope of her said agency, service or employment thereby imputing any and all liability to the Defendant, Meadowview Regional Medical Center, LLC.

4. On all occasions referred to herein the Defendant, A. Shiney was a duly licensed Kentucky Nurse employed by the Defendant, Meadowview Regional Medical Center, LLC, acting within the course and scope of her said agency, service or employment thereby imputing any and all liability to the Defendant, Meadowview Regional Medical Center, LLC.

5. On all occasions referred to herein the Defendant, Jeff Lawson, CSA was employed by the Defendant, Meadowview Regional Medical Center, LLC, acting within the course and scope of his said agency, service or employment thereby imputing any and all liability to the Defendant, Meadowview Regional Medical Center, LLC.

6. The Plaintiff, David Love at all times referred to herein was and is the husband and spouse of the Plaintiff, April Love.

7. On or about the 2nd day of April, 2006, the Plaintiff, April Love was a patient of the Defendant, Donald Wilson, M.D;

2

8.    On or about the 2nd day of April, 2006 the Plaintiff, April Love was a patient admitted to the Defendant, Meadowview Regional Medical Center, LLC.

9.    On or about the 2nd day of April, 2004 the Defendants, P. McKaye, A. Shiney and Jeff Lawson, CSA were working in the operating room at the said Meadowview Regional Medical Center, LLC.

10.   Each of the aforesaid Defendants owed the Plaintiff, April Love a duty of exercising that degree of care and skill required under the circumstances to properly treat the Plaintiff, April Love and to assure that no foreign objects including sponges were left inside her body after the operation was concluded;

11.   The Defendants and each of them failed to obtain the Plaintiff, April Love informed consent so as to justify any foreign objects including sponges inside her body at the conclusion of her surgery.

12.   The Defendant, Donald Wilson, M.D. was in charge of the Plaintiff, April Love surgery on or about April 2nd, 2006 and was responsible for supervising the defendants, P. McKaye, A. Shirey and Jeff Lawson, CSA assisting in the surgery;

13.   The Defendants and each of them at the conclusion of the Plaintiffs, April Love surgery on or about April 2, 2006 failed to detect, learn or otherwise become aware that a sponge was left inside her body at the conclusion of the surgery on April 2, 2006;

14.   The failure of the Defendants and each of them to detect the presence and existence of the said sponge inside the Plaintiff, April Love body on or about

3

April 2nd, 2006 was a deviation from the required standard of care and an unacceptable deviation from the accepted standard of care;

15.    By virtue of leaving the sponge inside April Love body following surgery on April 2nd, 2006 the Defendants and each of them directly and proximately caused injuries and damages to the Plaintiff, April Love and to the Plaintiff, David Love as hereinafter set forth;

16.    As the direct and proximate result of the aforesaid failure to remove the aforesaid sponge from the aforesaid April Love body on the aforesaid date the Defendant's and each of them were grossly negligent;

17.    As the direct and proximate result of the aforesaid negligence of the aforesaid Defendants and each of them on the aforesaid date the aforesaid April Love was caused to suffer and sustain substantial disability, agonizing physical pain, mental suffering, life threatening complications, extensive physical injuries including but not limited to risk of additional surgery and the pain associated with the additional surgery that was required along with substantial medical expenses, substantial future medical expenses that will be required in the treatment of her aforesaid damages, permanent impairment of her capacity to earn money, loss of wages, permanent disfigurement, mutilation of her bodily organs, and an increased likelihood of developing future complications the damage of which are substantial and in no event less than the minimum jurisdictional limit of this Court.

4

03/30/2007   1 · 54   606-878-9205         ATTORNEY KEN SMITH                    PAGE  28/4?

Case: 2:07-cv-00095-DLB   Doc #: 1-2   Filed: 06/01/07   Page: 6 of 25 - Page ID#: 7

## COUNT II

18.   On all occasions referred to herein, the Plaintiff, David Love has been caused to suffer and sustain the loss of the aid, society, services, affection and conjugal relationship with his wife, the Plaintiff, April Love as the direct and proximate result of the aforesaid negligence of the aforesaid defendants and each of them, the damages of which are substantial and in no event less than the jurisdictional limit of this court.

**WHEREFORE**, the Plaintiffs, David Love and April Love demand judgment against the Defendants, Meadowview Regional Medical Center, LLC, Donald Wilson, M.D., and P. McKaye, A. Shiney and Jeff Lawson, CSA, and each of them as follows:

1.   For a substantial sum and in no event less than the minimum jurisdictional limit of this Court;

2.   For compensatory and punitive damages in a substantial sum and in no event less than the minimum jurisdictional limit of this Court;

3.   For trial by jury;

4.   For any and all relief to which they may appear entitled.

Kenneth A. Smith
P.O. box 5015
London, Kentucky 40745
Phone: (606) 878-2820
Attorney for Plaintiffs

5

COMMONWEALTH OF KENTUCKY
MASON CIRCUIT COURT
CIVIL ACTION NO. 07-CI-00106

APRIL LOVE and
DAVID LOVE,                                              PLAINTIFFS

v.                          ANSWER OF
DEFENDANTS, MEADOWVIEW REGIONAL MEDICAL CENTER, L.L.C.,
P. McKAY, RN, A. SHIVLEY, ORT, AND JEFF LAWSON, CSA
TO PLAINTIFFS' COMPLAINT

MEADOWVIEW REGIONAL MEDICAL CENTER, L.L.C.,
DONALD WILSON, M.D., P. McKAYE, R.N., A. SHIREY ONT,
JEFF LAWSON, CSA, and LEWIS COUNTY PRIMARY
CARE CENTER,                                            DEFENDANTS

* * * * * * *

Defendants, Meadowview Regional Medical Center, L.L.C., P. McKay, R.N.[1], A. Shivley

ORT[2], and Jeff Lawson, CSA ("Meadowview Defendants"), for their Answer to Plaintiffs'

Complaint, state as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Without waiving their denial of liability to Plaintiffs, the Meadowview Defendants state that

all damages to the Plaintiffs alleged in the Complaint may have been caused in whole or in part by

Plaintiffs' own negligence and, as such, Plaintiffs' claims are barred in whole or in part.

### THIRD DEFENSE

Without waiving their denial of liability to Plaintiffs, the Meadowview Defendants state that

Plaintiffs' injuries and damages may have been caused in whole or in part by the acts, omissions

---

[1] Improperly named in the Complaint as P. McKaye, R.N.
[2] Improperly named in the Complaint as A. Shircy, ONT (case caption and ¶ 12) and A. Shiney (¶¶ 4, 9, and conclusion).

- 1 -

and/or negligence of other persons and/or third parties not under the direction and control of these Defendants, and said acts, omissions or negligence constitute either a complete or partial bar to recovery herein.

## FOURTH DEFENSE

Without waiving their denial of liability to the Plaintiffs, the Meadowview Defendants state that any injuries and damages to Plaintiffs resulted in whole or in part from intervening acts and/or superceding causes over which the Meadowview Defendants had no control or for which the Meadowview Defendants had no responsibility or liability.

## FIFTH DEFENSE

Except as affirmatively admitted, every allegation of the Plaintiffs' Complaint is denied.

## SIXTH DEFENSE

1.   The Meadowview Defendants admit the allegations contained in paragraphs 1, 7, and 8 of the Complaint.

2.   The Meadowview Defendants are without sufficient knowledge or information to form a belief with respect to the allegations contained in paragraph 6 of the Complaint, and as such deny same.

3.   The Meadowview Defendants deny the allegations contained in paragraphs 15, 16, 17, and 18 of the Complaint.

4.   The allegations contained in paragraphs 10, 11, 12, and 14 state and/or misstate legal conclusions to which no responsive pleading is required.

5.   With respect to the allegations contained in paragraph 2 of the Complaint, the Meadowview Defendants admit that "the Defendant, Donald Wilson, M.D., was a duly licensed Kentucky Physician employed by the defendant Lewis County Primary Care Center," and that he

"was practicing medicine at the Meadowview Regional Medical Center, LLC." The Meadowview Defendants are without sufficient knowledge or information to form a belief with respect to the allegations in paragraph 2 of the Complaint regarding the agent for service of process for Lewis County Primary Care Center, and as such deny same. The Meadowview Defendants deny the remaining allegations contained in paragraph 2 of the Complaint.

6. With respect to the allegations contained in paragraph 3 of the Complaint, the Meadowview Defendants admit that "[o]n all occasions referred to herein the Defendant, P. McKaye[sic] was a duly licensed Kentucky Nurse employed by the Defendant, Meadowview Regional Medical Center, LLC, acting within the course and scope of her said agency, service or employment." The remaining allegations contained in paragraph 3 of the Complaint state and/or misstate legal conclusions to which no responsive pleading is required.

7. With respect to the allegations contained in paragraph 4 of the Complaint, the Meadowview Defendants admit that A. Shivley was employed by the Defendant, Meadowview Regional Medical Center, LLC and was acting within the course and scope of her agency, service or employment. The Meadowview Defendants deny that A. Shivley was a "duly licensed Kentucky Nurse." The remaining allegations contained in paragraph 4 of the Complaint state and/or misstate legal conclusions to which no responsive pleading is required.

8. With respect to the allegations contained in paragraph 5 of the Complaint, the Meadowview Defendants admit that "[o]n all occasions referred to herein the Defendant, Jeff Lawson, CSA was employed by the Defendant, Meadowview Regional Medical Center, LLC, acting within the course and scope of his said agency, service or employment." The remaining allegations

- 3 -

contained in paragraph 5 of the Complaint state and/or misstate legal conclusions to which no responsive pleading is required.

9. With respect to the allegations contained in paragraph 9 of the Complaint, the Meadowview Defendants admit they worked in the operating room at Meadowview Regional Medical Center, LLC on April 2, 2006, but are without sufficient knowledge or information to form a belief as to whether they worked in said operating room on April 2, 2004, and as such deny the allegations as stated in paragraph 9 of the Complaint.

10. The Meadowview Defendants admit the allegations contained in paragraph 13 of the Complaint to the extent they refer to the Meadowview Defendants. The Meadowview Defendants are without sufficient knowledge or information to form a belief with respect to the allegations regarding the remaining Defendants contained in paragraph 13 of the Complaint.

WHEREFORE, Defendants, Meadowview Regional Medical Center, L.L.C., P. McKay, R.N., A. Shivley ORT, and Jeff Lawson, CSA, having answered the Plaintiffs' Complaint, demand as follows:

1. That the Complaint against them be dismissed;

2. For their costs herein expended;

3. For leave to file an amended pleading upon completion of discovery;

4. For a trial by jury; and

5. All other appropriate relief to which they may now or hereafter appear to be entitled.

Respectfully submitted,

THOMPSON MILLER & SIMPSON PLC

B. Todd Thompson
David W. Mushlin
600 W. Main Street, Suite 500
Louisville, Kentucky 40202
(502) 585-9900
*Counsel for Defendants*
*Meadowview Regional Medical Center, L.L.C.,*
*P. McKay, A. Shivley, and Jeff Lawson*

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was this 17th day of April, 2007, mailed to the following:

Kenneth A. Smith
P.O. Box 5015
London, Kentucky 40745
Counsel for Plaintiffs

Donald R. Wilson, M.D.
Lewis County Primary Care Center
c/o Jerry Ugrin
Primary Plus
P.O. Box 550
Vanceburg, KY 41179


_____
Counsel for Defendants
Meadowview Regional Medical Center, L.L.C.,
P. McKay, A. Shivley, and Jeff Lawson

- 6 -

## COMMONWEALTH OF KENTUCKY
## MASON CIRCUIT COURT
## CIVIL ACTION NO. 07-CI-00106

APRIL LOVE and
DAVID LOVE,

**PLAINTIFFS**

v.           MEADOWVIEW REGIONAL MEDICAL CENTER, LLC'S
                INTERROGATORIES AND REQUESTS
        FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS (FIRST SET)

MEADOWVIEW REGIONAL MEDICAL CENTER, L.L.C.,
DONALD WILSON, M.D., P. McKAYE, R.N., A. SHIREY ONT,
JEFF LAWSON, CSA, and LEWIS COUNTY PRIMARY
CARE CENTER,

**DEFENDANTS**

* * * * * *

The Plaintiffs are hereby notified to answer the following interrogatories as required by the

Kentucky Rules of Civil Procedure:

**INTERROGATORY NO. 1.**     For each Plaintiff, please state your name, address, date of

birth, residence address, business address, and place and position of employment.

ANSWER:

**INTERROGATORY NO. 2.**     State in specific detail each and every fact which Plaintiffs

claim to constitute evidence of negligence on the part of the Defendant, Meadow Regional Medical

Center, L.L.C. and of any alleged agent, servant or employee of this Defendant.

ANSWER:

**INTERROGATORY NO. 3.**     State in specific detail the manner in which Plaintiffs or

claim each alleged negligent act or omission of this Defendant was a substantial factor in causing the

injuries of which Plaintiffs complain in this action.

ANSWER:

**INTERROGATORY NO. 4.**    If you contend that any person providing treatment to Jodi Stapleton is an actual or ostensible agent of this Defendant, please state:

    (a)    The identity of the person(s);

    (b)    The facts the Plaintiffs contend support an allegation that the person is the ostensible agent or actual agent of the defendant hospital; and

    (c)    The facts the Plaintiffs contend support an allegation that each alleged actual or ostensible agent deviated from the standard of care, and that such deviation was a substantial factor in causing the Plaintiffs' injuries.

ANSWER:

**INTERROGATORY NO. 5.**  ·  When and from whom was it first learned that any negligent act or omission of this Defendant, or its alleged agents, servants, or employees, caused injury to either Plaintiff?

ANSWER:

**INTERROGATORY NO. 6.**    For each employment either Plaintiff held within the last ten (10) years up to and including the date of the answers to these Interrogatories, state the name and address of each employer, the name and address of each immediate supervisor, each job title, a brief

2

description of the job duties, rate of pay, period of employment, and reason for termination of employment.

ANSWER:

INTERROGATORY NO. 7.    Identify each person Plaintiffs expect to call as an expert witness at the trial of this matter, and state the following with respect to each expert identified:

a)    The subject matter on which the expert is expected to testify;

b)    The substance of the facts and opinions to which the expert is expected to testify;

c)    A summary of the grounds for each opinion; and

d)    Identify all documents and tangible things provided to, reviewed by, prepared by, or relied upon by each such expert.

ANSWER:

INTERROGATORY NO. 8.    Identify specifically each and every malpractice action in which each such expert has testified as an expert witness by deposition or in court, and state for which party each such expert has been a witness.

ANSWER:

3

INTERROGATORY NO. 9. Please provide the names, addresses and phone numbers of (a) all health care providers consulted by the Plaintiff, April Love, for any condition during the past ten years and (b) all hospitals in which the Plaintiff, April Love, has been an out-patient or in-patient during the past five years. For each health care provider and hospital, please provide the dates upon which treatment was received and the reason for each medical consultation, examination, treatment, or hospital admission.

ANSWER:

INTERROGATORY NO. 10. If Plaintiffs are making a claim for impairment or destruction of earning capacity because of the incident complained of in the Complaint, please state the amount and method of computation of the impairment or destruction of earning capacity.

ANSWER:

INTERROGATORY NO. 11. With respect to any claim for lost wages, give the following employment information:

a) The name and address of your employer at the time of the incident which is the subject of this lawsuit;

b) The dates on which you claim to have been unable to work as a result of injuries alleged in the Complaint; and

c) The total amount of lost wages you claim, including a statement of the facts which support your lost wages claim.

ANSWER:

4

INTERROGATORY NO. 12.   Please state, pursuant to C.R. 8.01(2), the amount each

Plaintiff is seeking, and method of computation for, the following:

    a)    Past pain and suffering;

    b)    Future pain and suffering;

    c)    Past medical expenses;

    d)    Future medical expenses;

    e)    Lost wages;

    f)    Permanent impairment of power to earn wages;

    g)    Loss of spousal consortium; and

    h)    Any other items of damages not set forth above.

    ANSWER:

INTERROGATORY NO. 13.   List each medical text, treatise, journal or other authority

which any expert for Plaintiffs will rely upon or use at the trial of this action.

    ANSWER:

INTERROGATORY NO. 14.   Please describe in detail each element of physical pain and

of mental anguish which Plaintiffs are claiming in this action.

    ANSWER:

5

INTERROGATORY NO. 15.   Please identify by name and address each witness having any knowledge of any fact or opinion in any way relating to claims or damages in this action.

ANSWER:

INTERROGATORY NO. 16.   Please identify by name and address each witness whom the Plaintiffs may call to testify at the trial of this action.

ANSWER:

INTERROGATORY NO. 17.   Itemize and identify all benefits, payments, reimbursements, or collateral source payments of any kind received by either plaintiff or paid on their behalf for special damages they claim to have incurred as a result of this incident.

ANSWER:

INTERROGATORY NO. 18.   Please state whether any written, video, or sound records were made by Plaintiffs or any other persons during any meeting with any employee or representative of this Defendant. If so, please identify the meeting or meetings at which such recording(s) were made, those present at the time of the recording, and the name, address, and telephone number of the person(s) who currently has custody of such recording.

ANSWER:

6

INTERROGATORY NO. 19.   Please state whether or not Plaintiffs' claimed medical expenses were paid by any insurance company, health care provider, or governmental agency.  If so, provide the following information:

a)  The name and address of the insurance company, healthcare provider, or governmental agency;

b)  State the claim number and/or file number;

c)  State the name of the representative with the insurance company, healthcare provider, or governmental agency that processed the claim; and

d)  Provide a detailed summary of the amounts paid by the insurance company, healthcare provider or governmental agency.

ANSWER:

## REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1:   Please provide copies of all medical and hospital records concerning examination or treatment of April Love for any physical or mental condition during the past ten years.

RESPONSE:

REQUEST NO. 2:   Please provide copies of any and all exhibits, photographs, diagrams, and/or documents that the Plaintiffs intend to introduce into evidence, utilize at trial, or utilize in the examination of any witness.

RESPONSE:

**REQUEST NO. 3:** Please provide any and all reports authored by the expert or experts to testify at trial on behalf of Plaintiffs in regard to the allegations raised in the Complaint.

    **RESPONSE:**

**REQUEST NO. 4:** Please provide any and all records, documents, photographs and/or writings which form the basis, in whole or in part, of the opinion of Plaintiffs' expert(s) who will testify at the time of trial or arbitration.

    **RESPONSE:**

**REQUEST NO. 5:** Please provide copies of Plaintiffs' tax returns for the past ten (10) years.

    **RESPONSE:**

**REQUEST NO. 6:** Please provide copies of any and all bills, receipts, invoices, records, documents, and/or other writings which substantiate any special damages claimed by Plaintiffs which resulted from the injuries allegedly sustained as a result of the incident complained of by Plaintiffs.

    **RESPONSE:**

**REQUEST NO. 7:**    Please provide copies of any and all records, documents and/or other writings which reflect and/or relate to collateral benefits received by Plaintiffs from any source with regard to damages incurred by Plaintiffs as a result of Plaintiffs' injuries.

RESPONSE:

**REQUEST NO. 8:**    Please provide copies of any photographs, videotapes or other pictorial evidence which Plaintiffs intend to introduce into evidence or which depicts the damages Plaintiffs allegedly experienced as a result of the occurrence which forms the basis of Plaintiffs' Complaint.

RESPONSE:

**REQUEST NO. 9:**    Please provide copies of any and all medical records, diagnostic studies or radiographic studies regarding April Love in the possession of Plaintiffs or any representative of the Plaintiffs.

RESPONSE:

**REQUEST NO. 10:**  Please execute the attached medical authorizations.

RESPONSE:

9

**REQUEST NO. 11:** Please produce copies of the curriculum vitae of all experts who will testify on behalf of the Plaintiffs.

**RESPONSE:**

**REQUEST NO. 12:** Please produce any and all diaries, written statements, memoranda, notes, communications (including electronic communications) and/or reports relevant to this lawsuit.

**RESPONSE:**

**REQUEST NO. 13:** Please produce copies of any applications by either Plaintiff for life, health, or accident insurance.

**RESPONSE:**

**REQUEST NO. 14:** Please produce copies of any and all medical journals, textbooks or literature which Plaintiffs intend to utilize in the examination of any witness.

**RESPONSE:**

**REQUEST NO. 15:** Please produce copies of any audio, video, or written recordings of statements by Plaintiffs or any witness that relate in any way to this action.

**RESPONSE:**

10

**REQUEST NO. 16:** Please produce copies of any audio, video, or written recordings of statements made by any of April Love's treating physicians.

**RESPONSE:**

**REQUEST NO. 17:** Please produce all documents or tangible things referred to or relied upon in your Answers to Interrogatories.

**RESPONSE:**

Respectfully submitted,

THOMPSON MILLER & SIMPSON PLC

B. Todd Thompson
David W. Mushlin
600 W. Main Street, Suite 500
Louisville, Kentucky 40202
(502) 585-9900
*Counsel for Defendants*
*Meadowview Regional Medical Center, L.L.C.,*
*P. McKay, A. Shivley, and Jeff Lawson*

11

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was this $\underline{17^{th}}$ day of April, 2007, mailed to the following:

      Kenneth A. Smith
      P.O. Box 5015
      London, Kentucky 40745
      Counsel for Plaintiffs

      Donald R. Wilson, M.D.
      Lewis County Primary Care Center
      c/o Jerry Ugrin
      Primary Plus
      P.O. Box 550
      Vanceburg, KY 41179

                              _____
                              Counsel for Defendants
                              Meadowview Regional Medical Center, L.L.C.,
                              P. McKay, A. Shivley, and Jeff Lawson

## AUTHORIZATION TO RELEASE PROTECTED HEALTH CARE INFORMATION

TO: _____

_____

_____

Pursuant to the Health Insurance Portability and Accountability Act (HIPAA) Privacy Regulations, 45 CFR §164.508, you are hereby authorized to release to THOMPSON MILLER & SIMPSON, PLC or any of its representatives ALL medical records, including but not limited to: office notes, history, physical, consultation notes, discharge summaries, order and progress notes, laboratory results, nurses notes, emergency room records, operative records, in-patient records and films of x-rays, MRIs or PET scans, medical bills and health insurance, Medicaid or Medicare records, concerning any medical treatment that April Love, Social Security No. _____, Date of Birth_____ has received from you, at your institution, or which you keep in the regular course of business. I hereby authorize release of all records regarding mental health, including but not limited to, psychiatric, psychological records, counseling records, treatment summaries, test results, therapist notes, a summary of treatment and raw data, records of a chemical dependency or HIV, and any work records, Social Security or Veteran's Administration records. A photostatic copy hereof shall be as valid as the original.

The purpose of this authorization and request is to obtain ALL medical information pertaining to April Love's physical condition, which may be relevant as it pertains to certain personal injury claims or litigation. This authorization expires one hundred eighty (180) days from the date below or when revoked by either the patient or the patient's representative, whichever event shall occur first.

April Love has the right to revoke this authorization in writing by providing a signed, written notice of revocation to you and THOMPSON MILLER & SIMPSON, PLC. Medical providers may not condition treatment or payment on whether the above-named patient executes this authorization. The information disclosed pursuant to this authorization may be subject to re-disclosure and no longer protected by the privacy regulations promulgated pursuant to the Health Information Portability and Accountability Act (HIPPA),

_____        _____
Date                           April Love

_____        _____
Date of Birth                  Address

_____        _____
Social Security No.

_____
Witness