**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**at COVINGTON**

**CIVIL ACTION NO. 07-95-DLB**

**DAVID LOVE, ET AL.**                                                                    **PLAINTIFFS**

**vs.**                                    **MEMORANDUM ORDER**

**MEADOWVIEW REGIONAL**
**MEDICAL CENTER, LLC, ET AL.**                                          **DEFENDANTS**

* * * * * * * * * * * * *

This medical negligence action originated in the Mason Circuit Court.  Plaintiff April Love and her husband David Love allege personal injuries after a surgical sponge was left in April Love's body during a cesarian section performed in April, 2006.  At that time Love was a patient of Dr. Donald Wilson, employee of the Lewis County Primary Care Center. Love was admitted to and underwent the cesarian section at Meadowview Regional Medical Center (Meadowview).  She has sued Dr. Wilson, Lewis County Primary Care Center, Meadowview, and certain operating room personnel.

Upon certification by the United States Attorney for the Eastern District of Kentucky that Dr. Wilson was acting within the scope of his employment with Lewis County Primary Care Center, a federally funded community health center that is therefore an arm of the U.S. Public Health Service, the United States removed the action to this Court pursuant to 28 U.S.C. § 2679.  The Government then moved to substitute the United States in place

of Defendants Wilson and Lewis County Primary Care Center,[1] which unopposed motion was granted by this Court on July 20, 2007.[2]

The United States has also moved to dismiss Plaintiffs' claims against it for failure to exhaust administrative remedies under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80. (Doc. #7.)  The FTCA specifies procedures for medical malpractice suits against the United States and is the exclusive remedy for claims against a public health service officer.  *See* 42 U.S.C. § 233(a).  The FTCA requires a plaintiff present his or her claim administratively, and the agency must finally deny the claim before a civil suit can be filed against the Government.  *See* 28 U.S.C. § 2675(a).

Plaintiffs, in response to the United States' motion,[3] do not dispute the Government's substantive argument.  They acknowledge they did not file an administrative claim with the appropriate federal agency before filing suit against Wilson and Lewis County Primary Care Center, and that they are now aware of this exhaustion prerequisite to their claims under the FTCA.[4]  Rather than dismiss the action, Plaintiffs request that their FTCA claims against the United States be held in abeyance pending completion of the administrative process.

---

[1]An employee of the U.S. Public Health Service is immune from liability for tortious acts committed within the scope of such employment.  *See* 42 U.S.C. § 233(a).  The Government's certification evidences Wilson was acting within the scope of his employment.

[2]As a federal employee clearly acting within the scope of his employment with Lewis County Primary Care Center, the United States was properly substituted as the named Defendant to this action for these Defendants.

[3]Plaintiffs' related motion for an extension of time to file their Response (Doc. #10) will also be granted herein.

[4]They in fact represent that the submission of an administrative claim was impending at the time they filed their Response.  However, the case record reflects nothing further as far as the status of that administrative filing or the processing of that claim.

However, the Court is not aware of statutory or regulatory authority that would permit it to impose a stay in such circumstances.  *See McNeil v. United States,* 508 U.S. 106, 113 (1993) ("FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies").  Accordingly, the Motion to Dismiss Plaintiffs' claims against the United States will be **granted**.

Plaintiffs have also moved to have their remaining claims against the non-federal Defendants remanded to the Mason Circuit Court. (Doc. #14.)  These Defendants oppose remand.  They contend that if the claims against the United States are dismissed, the claims against them should also be dismissed.  In the alternative, they argue that the Court should retain supplemental jurisdiction over them pursuant to *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), since the claims against them and the United States arise from the same factual circumstances and since it would be a waste of judicial resources to have two cases pending in two separate courts.

Plaintiffs' remand request presents an intriguing question.  With the dismissal of Plaintiffs' claims against the United States as premature, the remaining parties essentially presume that the Court continues to preside over the non-federal claims pursuant to the supplemental jurisdiction statute, 28 U.S.C. § 1367.  But in this Court's view, its authority is not axiomatic.

This case was removed based upon the presence of the United States as a party and the assertion of claims against it under the FTCA.  The requirement of filing an administrative claim is jurisdictional and may not be waived.  *Garrett v. United States,* 640 F.2d 24, 25 (6th Cir. 1981).  The claims against the Government are being dismissed under

Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction.[5]  *See*

*Fishburn v. Brown,* 125 F.3d 979, 982 (6th Cir. 1997) ("district court never had jurisdiction

over FTCA claims and should have dismissed them for lack of subject matter jurisdiction").

Rather than this Court now being faced with the discretionary decision of whether to retain

supplemental jurisdiction pursuant to § 1367(c)(3) because all federal claims have now

been dismissed, the correct question in this Court's view is whether it has original

jurisdiction under § 1367(a) in the first place.  In other words, § 1367(c)(3) operates from

the premise that original jurisdiction under § 1367(a) already existed.  The certification

under 28 U.S.C. § 2679(d)(2) provided the United States with removal jurisdiction, but the

administrative exhaustion requirement of the FTCA prevents this Court from acquiring

subject matter jurisdiction over those federal claims that it otherwise would have.

The Sixth Circuit has described this distinction in the application of § 1367(c)(3) in

this way:

> A close look at precedent indicates that not all "pretrial dismissals"
> affect supplemental claims in the same manner.  The vast majority of pretrial
> dismissals, such as a dismissal on a motion for summary judgment, do not
> affect the trial court's ability to resolve supplemental claims.  But there are
> two types of pretrial dismissals that appellate courts have scrutinized closely.
> The first is a dismissal under Rule 12(b)(1).  If the court dismisses plaintiff's
> federal claims pursuant to Rule 12(b)(1), then supplemental jurisdiction can
> *never* exist.  A Rule 12(b)(1) dismissal postulates that there never was a valid
> federal claim.  Exercise of jurisdiction on a theory of supplemental jurisdiction
> would therefore violate Article III of the Constitution, because the original
> federal claim would not have "substance sufficient to confer subject matter

---

[5]The introduction of the Government's motion states that dismissal is being sought pursuant to Rules 12(b)(5), 4(m) and 15(c) of the Federal Rules of Civil Procedure, "for want of jurisdiction." (*See* Doc. #7.)  However, the Government's memorandum of law does not contain a substantive argument applying these civil rules.  Given that its motion and memorandum clearly indicate that dismissal is being sought because jurisdiction in this Court at this time is lacking, the motion will be reviewed as seeking dismissal under Civil Rule 12(b)(1).

jurisdiction on the court." *Gibbs,* 383 U.S. at 725, 86 S. Ct. at 1138. *See also Bigelow v. Michigan Dep't of Natural Resources,* 970 F.2d 154, 159 (6th Cir. 1992) (dismissal for lack of ripeness equivalent to dismissal for lack of subject matter jurisdiction; state law claims cease to be properly supplemental). . . .

The second type of problematic pretrial dismissal is a dismissal under Rule 12(b)(6) for failure to state a claim. After a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims. . . . There are two reasons for this presumption. First, a 12(b)(6) dismissal usually comes early in the proceedings, when the court has not yet invested a great deal of time into resolution of the state claims. Second, a 12(b)(6) dismissal implies that the substance of the federal claims was somehow lacking, even if the claims were sufficient to survive a motion for dismissal under 12(b)(1). . . . The presumption that a 12(b)(6) dismissal of the touchstone claims precludes the exercise of supplemental jurisdiction over any remaining claims can be overcome in unusual circumstances....

*Musson Theatrical, Inc. v. Fed. Exp. Corp.,* 89 F.3d 1244, 1255 (6th Cir. 1998) (emphasis in original) (paragraph indent and internal quotation marks omitted); *see also Ward v. Alternative Health Delivery Sys., Inc.,* 261 F.3d 624, 627 (6th Cir. 2001) (claims under the Employee Retirement Income Security Act provided federal question jurisdictional basis for removal, but upon ruling plaintiff lacked ERISA standing, which is a jurisdictional issue, "the district court dismissed the only claims within its original jurisdiction for lack of subject matter jurisdiction, [and therefore] it did not have jurisdiction to retain plaintiff's state law claims").

*Musson Theatrical* was an action under the Airline Deregulation Act, but the decision's reasoning on this particular issue applies with equal force to the instant matter. That is, where the federal claims providing original jurisdiction are dismissed for want of subject matter jurisdiction, exercising supplemental jurisdiction over companion state-law claims is not an option. Although the Court's research failed to reveal Sixth Circuit authority for this interpretation of § 1367(a) in the context of an FTCA case, at least one other circuit

has so held.  *See Loughlin v. United States,* 393 F.3d 155, 168-72 (D.C. Cir. 2004) (district court's finding that FTCA claims were barred by discretionary function exception to waiver of sovereign immunity, leading to dismissal of FTCA claims for lack of subject matter jurisdiction, thereby mandated vacating district court's decision on local law claims, as district court lacked supplemental jurisdiction to consider those claims).  Therefore, the Court will remand the remaining claims against the non-federal Defendants.[6]

Accordingly, for the reasons set forth hereinabove, **IT IS ORDERED** that:

(1)     Plaintiffs' Motion for Extension of Time to File Response (Doc. #10) is hereby **granted;**

(2)     the United States' Motion to Dismiss (Doc. #7) is hereby **granted,** and Plaintiffs' claims against the United States are therefore hereby **dismissed without prejudice** for lack of subject matter jurisdiction in light of Plaintiffs' failure to exhaust their administrative remedies; and,

---

[6]While this Court does not believe that conducting the discretionary analysis under § 1367(c)(3) is applicable here, there are those lower courts that have viewed the issue through this lens.  *See Martinez v. United States,* 2006 WL 3746708, at *9 (D. Colo. 2006) (exercising discretion by declining to exercise supplemental jurisdiction upon dismissal of FTCA claims); *Reed v. Bullock Co. Hosp.,* 350 F. Supp. 2d 964, 967-68 (N.D. Ala. 2004) (same).

Here, even under § 1367(c)(3), the Court would exercise its discretion by remanding the remaining claims over the non-federal Defendants.  Since the Court is dismissing Plaintiff's FTCA claim, there is a strong presumption in favor of remanding the remaining state-law claims.  *Musson Theatrical,* 89 F.3d at 1254-55.  Although that presumption can be overcome where judicial economy, convenience, fairness, and comity would otherwise favor supplemental jurisdiction, *Blakely v. United States,* 276 F.3d 853, 863 (6th Cir. 2002), no such circumstances exist here.  Litigation of the merits is in the early stages, and the remaining claims are grounded in Kentucky professional negligence law.  And while the non-federal Defendants point out that if Plaintiff's FTCA claims are not administratively resolved, litigation arising from the same incident will be pending in both state and federal courts, this does not outweigh the other considerations favoring remand.  Indeed, it is Plaintiff who would be most burdened by two actions, each against different Defendants, yet it is also Plaintiff who has requested remand.

(3)     Plaintiffs' Motion to Remand the remaining state-law claims against the non-federal Defendants (Doc. #14) is hereby **granted,** and the remainder of this action is therefore hereby **remanded** to the Mason Circuit Court from which it was removed.

This 1st day of February, 2008.



Signed By:

*David L. Bunning*

United States District Judge

G:\DATA\ORDERS\Cov07\95-MotiontoDismiss.wpd